UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BLOOM PROTOCOL LLC,**

        **Plaintiff,**

v.                                                Case No. 6:21-cv-756-CEM-LRH

**GEOFFREY ARONE,**

        **Defendant.**
_____/

**TEMPORARY RESTRAINING ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion," Doc. 2). Insofar as the Motion seeks a temporary restraining order, it will be granted in part and denied in part; ruling on the request for a preliminary injunction will be deferred.

## I.    Background

This case arises from an employment dispute between Plaintiff Bloom Protocol LLC, "a technology company," and Defendant Geoffrey Arone, who is Plaintiff's former Interim Chief Executive Officer. (Bushard Decl., Doc. 2-1, at 1–2, 7). As part of his employment, Defendant was required to sign an Employment Agreement (Doc. 2-1 at 25–33), which contains, *inter alia*, non-competition, non-solicitation, and non-disparagement clauses as well as confidentiality and non-

disclosure provisions. (*Id.* at 29–32). As applicable to the instant Motion, during his employment Defendant was provided with two company laptops and a tablet device. (*Id.* at 6–7; Device Receipts, Doc. 2-1, at 150–52). After approximately eight months of employment, as a result of disputes between Defendant and Plaintiff's Board of Directors, Plaintiff terminated Defendant. (Doc. 2-1 at 8–14; Termination Letter, Doc. 2-1, at 154).

At some time just prior to his termination, Defendant deleted all of his sent emails from his company email account and "exported approximately all of the data" from Plaintiff's internal messaging platform. (Doc. 2-1 at 14; Meier Decl., Doc. 2-2, at 5–7; Export Record, Doc. 2-2, at 10). The exported data includes "communications and . . . files concerning [Plaintiff]'s technology, vendors, third party contracting, customers, strategic planning, marketing, and other confidential information." (Doc. 2-2 at 5). Following the data export by Defendant, "someone . . . deleted the record of [Defendant]'s export in an attempt to avoid detection." (*Id.* at 6). Following his termination, Defendant continued to access Plaintiff's company data without authorization. (*Id.*; Doc. 2-1 at 15). Additionally, Defendant has refused to return his company laptops and tablet. (Doc. 2-1 at 14–15, 154).

Plaintiff filed this lawsuit alleging three breach of contract claims against Defendant for various alleged breaches of his Employment Agreement. (*See*

*generally* Compl., Doc. 1). Plaintiff concurrently filed the instant Motion, which requests both a temporary restraining order and a preliminary injunction.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the movant provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Additionally, to obtain such emergency, ex parte relief, the movant must establish: "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. R. 6.01(b)(1)–(4).

## III.   ANALYSIS

The Court, having considered the Complaint, the Motion, and all declarations and exhibits thereto, and having reviewed the relevant legal authorities, finds that

Plaintiff has demonstrated that it is entitled to a temporary restraining order against Defendant.[1] Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 2) is **GRANTED in part, DENIED in part,** and **DEFERRED in part.**

    a. Insofar as the Motion seeks a temporary restraining order, it will be granted in part and denied in part.

    b. Defendant is **TEMPORARILY RESTRAINED and ENJOINED from:**

        i. **Using or otherwise accessing in any way the two company laptops and one company tablet in his possession. Defendant SHALL NOT directly or indirectly, by any means copy, delete, destroy, or otherwise modify these devices or the data contained therein in any way. However, Defendant SHALL access these devices for the limited purpose of taking all affirmative steps necessary to ensure that these devices and the data contained therein are not**

---

[1] In light of the emergency nature of the relief requested, the Court will defer a full discussion of the relevant facts and legal authorities until a determination is made on Plaintiff's request for a preliminary injunction.

> modified, deleted, or destroyed in any way, including deactivating or turning off any auto-delete functions.
>
> ii. **Using or accessing in any way, directly or indirectly, any applications, platforms, systems, or accounts belonging to Plaintiff. This includes Defendant's former email account with Plaintiff.**
>
> c. The request for a temporary restraining order is otherwise **DENIED.**
>
> d. Ruling on the request for a preliminary injunction is **DEFERRED**.

2. This Temporary Restraining Order is conditioned on the posting by Plaintiff of a surety bond in the sum of $500 **on or before Friday, May 7, 2021**.

3. **As soon as practicable, but no later than Wednesday, May 5, 2021,** Plaintiff shall serve a copy of the Complaint and this Order on Defendant and thereafter file proof of service.[2]

4. Plaintiff and Defendant shall appear on **Wednesday, May 12, 2021, at 2:00 PM** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the

---

[2] For purposes of this Order, actual notice is sufficient; formal service is not required.

Honorable Carlos E. Mendoza. The Court will hear argument and the parties may present evidence.³ **Defendant is advised that failure to appear at the hearing may result in the imposition of a preliminary injunction without further notice**.

5. **This Order shall remain in effect for fourteen days unless dissolved or extended for good cause by this Court.**

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

³ The hearing will be limited to one hour.